## BANK OF BRODHEAD v. SMITH.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

No. 1,820.

BANKRUPTCY (§ 140*)—DEPOSITS—SPECIAL PURPOSE—OWNERSHIP.

While B. was insolvent, and a month before his adjudication, defendant bank and the S. Company agreed with him to advance money to compromise with his creditors at 50 per cent. During the effort to compromise it was agreed that B. should retain custody of his goods, should sell the same at retail, retaining $12 a week for his services, hold the balance of the proceeds in lieu of the goods, together with the goods unsold, for the benefit of all parties and creditors, and deposit the cash balances in the bank for safe-keeping for the purposes aforesaid. *Held*, that the depositing of the funds was sufficient consideration for the bank's agreement to hold them for the purposes stated, and that the trustee in bankruptcy was entitled both to the deposit and to the unsold goods.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Western District of Wisconsin.

Action by Frank L. Smith, as trustee in bankruptcy of George B. Bement, against the Bank of Brodhead. Judgment for plaintiff, and defendant appeals. Affirmed.

E. D. McGowan, for appellant.
Edwin F. Carpenter, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Nothing is involved in this appeal but a question of fact.

Bement was adjudged a bankrupt, and the bank thereupon applied certain deposits upon a past-due note executed by Bement to the bank.

A month before the adjudication Bement was insolvent; and the bank and Smith & Sons Company of Chicago, also a creditor, entered into an executory contract in writing to advance money to compromise with all of Bement's creditors at 50 cents. This contract was not performed.

So much is beyond dispute. We have examined the evidence, and it sustains the following finding: After the bank and Smith & Sons Company had made their above-mentioned contract, the question arose between Bement and the bank and Smith & Sons Company as to what should be done, pending the attempt to compromise, with Bement's stock of goods. It was agreed that Bement should remain in possession and sell at retail, retain $12 a week for his services, hold the balance of the proceeds in lieu of the goods so sold, together with goods unsold, for the benefit of all parties and creditors, and deposit the cash balances with the bank for safe-keeping for the purposes aforesaid. Deposits were accordingly made. Efforts at settlement failed. Adjudication of bankruptcy followed. The trustee's demand

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the deposits was refused, on the ground that the bank had properly applied them upon its own claim.

Contentions that the executory written contract signed by Smith & Sons Company and the bank was void, because Smith & Sons Company was a foreign corporation that had not complied with the Wisconsin statutes, because the bank had no power to make such a contract, and because there was no consideration, are all beside the mark, for the reason that the only question relates to the conditions under which the deposits were made. The depositing of the funds was a sufficient consideration for the bank's agreement to hold them for the purposes stated; and the trustee in bankruptcy, representing Bement and all his creditors, was the proper party to take the unsold goods, and also the funds that stood for the goods that had been sold.

The judgment is affirmed.